IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| RETHINK THE INK, LLC | ) | Civil Action No: 16-cv-670 |
| | ) | |
|     *Plaintiff,* | ) | |
| | ) | |
| v. | ) | **COMPLAINT** |
| | ) | |
| NYDG FOUNDATION, INC. | ) | |
| | ) | |
|     *Defendant.* | ) | |

Plaintiff Rethink the Ink, LLC ("RTI"), through its undersigned attorneys, for its complaint against NYDG Foundation, Inc. ("NYDG"), alleges as follows:

## STATEMENT OF THE CASE

1. RTI and NYDG both own and operate laser tattoo-removal services. While RTI is based in Littleton, Colorado, it receives patients from all over the United States, as well as from outside the United States. NYDG's tattoo removal service is based in Manhattan.

2. This action arises out of NYDG's unauthorized misappropriation of RTI's registered trademark. RTI asserts claims for trademark infringement, federal and common law unfair competition, trademark dilution, and false designation of origin under Section 43(a) of the Lanham Act, 15 U.S.C. §§ 1125(a), (c). RTI seeks injunctive relief, damages, and recovery of its costs.

## JURISDICTION AND VENUE

3. This Court has jurisdiction under 28 U.S.C. §§ 1331, 1338, the Lanham Act, 15 U.S.C. §§ 1051 *et seq*. and 1121. The Court has supplemental jurisdiction over the common law claims pursuant to 28 U.S.C. § 1367(a).

## PARTIES

4. Plaintiff RTI is a Colorado Limited Liability Company with its principal place of business at 26 W Dry Creek Circle Suite 120, Littleton, Colorado 80120.

5. Defendant NYDG is a New York non-profit corporation, with its principal place of business at 119 Fifth Avenue, New York, 10003.

## GENERAL ALLEGATIONS

6. RTI has been in business since 2010, and advertises worldwide on its website, www.rethinktheinklasertattooremoval.com.  (*See* RTI Website, Exhibit 1.)   RTI operates a laser tattoo-removal service, servicing clients locally, nationally, and worldwide.  RTI provides services to clients located in New York.  RTI is a leader in the tattoo removal industry, and operates a laser tattoo removal school in Rhode Island.  RTI additionally provides laser tattoo removal seminars nationally, including in New York City.

7. RTI is the owner of the U.S. Trademark RETHINK THE INK, registration number 4443717 ("RETHINK THE INK").  The RETHINK THE INK Mark has been in use in commerce since December 24, 2010.  (*See* Registration, Exhibit 2.)

8. RTI uses the RETHINK THE INK Mark on its website in the following manner:



9. RTI is also the owner of the U.S. Trademark RETHINK YOUR INK LASER TATTOO REMOVAL & LASER TATTOO EDITING, registration number 3658876 ("RETHINK YOUR INK").  The RETHINK YOUR INK mark was first used in commerce on May 29, 2004.  (*See* Registration, Exhibit 3.)

10. Upon information and belief, Defendant NYDG owns and operates "Rethink New York Tattoo Removal," a Manhattan-based laser tattoo-removal service. It has been in business since sometime in 2011. NYDG advertises on its website, www.rethinktattooremovalnyc.com. (*See* RethINK Website, Exhibit 4.)

## NYDG's WRONGFUL ACTIONS

11. During all times relevant to this complaint, NYDG was or should have been aware of the RETHINK THE INK and RETHINK YOUR INK Marks due to RTI's advertisements, promotions, and internet sites.

12. Upon information and belief, sometime in 2011, NYDG launched its own website. That website is used for the purpose of advertising tattoo removal services.

13. The NYDG website uses the mark "RETHINK" in large bold lettering, without license or permission from RTI, through a graphic as illustrated below:



14. NYDG is in no way affiliated with RTI, nor has RTI ever sanctioned, licensed, or otherwise provided any permission of any kind to NYDG to make use of its trademark.

15. NYDG's use of the word "RETHINK" in association with tattoo removal services is confusingly similar to the RETHINK THE INK and RETHINK YOUR INK Marks and the services provided by RTI.

16. NYDG is directly competing with RTI, and advertising to the same group of customers.

17. A google search including the words "rethink + ink + tattoo + removal" produces results for both RTI and NYDG on the first page of the Google search results. (*See* Google Search Results, Exhibit 5.)

18. NYDG's infringing use of the word "RETHINK" has caused or will likely cause confusion, mistake, or deception as to the affiliation, connection, or association of RTI with NYDG, or as to the origin, sponsorship or approval by RTI of NYDG of NYDG's goods and services.

19. RTI has repeatedly notified NYDG in writing of its infringement of the RETHINK THE INK Mark. Despite said written notices, NYDG has continued to use the infringing RETHINK Mark in commerce, thereby causing RTI ongoing and increasing injury.

20. Upon information and belief, NYDG will continue to commit the acts complained of herein unless enjoined.

## COUNT I
## Trademark Infringement – 15 U.S.C. § 1114

21. RTI hereby realleges and incorporates the allegations contained in paragraphs 1 through 15 as if fully stated herein.

22. RTI uses its "RETHINK" Marks in association with tattoo removal services to distinguish RTI's products from the products and related items of others in the same or related fields.

23. Because of RTI's long, continuous, and exclusive use of these service marks, they have come to mean and are understood by their customers and the public to signify the tattoo removal services provided by RTI.

24. The infringing tattoo removal services that NYDG is advertising, marketing, offering and providing are causing, and are likely to continue to cause, confusion, mistake, or deception as to their source, origin, or authenticity.

25. Further, NYDG's activities are likely to lead the public to conclude, incorrectly, that the infringing services that NYDG is advertising, marketing, offering, and providing originate with or are authorized by RTI, thereby harming RTI and the public.

26. NYDG's aforesaid acts constitute trademark infringement in violation of the trademark laws of the United States, 15 U.S.C. § 1114, and at common law.

27. NYDG is acting in reckless disregard of RTI's registered marks, and after receiving repeated notice of their ongoing infringement.

28. As a result of NYDG' wrongful conduct, RTI is entitled to recover its actual damages, NYDG' profits attributable to the infringement, treble damages and attorney's fees pursuant to 15 U.S.C. § 1117 (a) and (b).  Alternatively, RTI is entitled to statutory damages under 15 U.S.C. § 1117(c).

29. RTI is further entitled to injunctive relief and an order compelling the impounding of all infringing materials.  RTI has no adequate remedy at law for NYDG's wrongful conduct because, among other things: (a) RTI's service marks are unique and valuable property that have no readily determinable market value; NYDG's infringement constitutes harm to RTI's reputation and goodwill such that RTI could not be made whole by any monetary award; (c) if NYDG's wrongful conduct is allowed to continue, the public is likely to become further confused, mistaken, or deceived as to the source, origin or authenticity of the infringing materials; and (d) NYDG's wrongful conduct, and the resulting harm to RTI, is continuing.

## COUNT II
## Trademark Dilution – 15 U.S.C. § 1125(c)

30. RTI hereby realleges and incorporates the allegations contained in paragraphs 1 through 24 as if fully stated herein.

31. NYDG's use of the "RETHINK" Mark as alleged herein has caused and is likely to cause dilution, including blurring and tarnishment, of the distinctive quality of RTI's famous trademark in violation of 15 U.S.C. § 1125(c)(1).

32. As a result of the aforesaid acts by NYDG, RTI has suffered damages in an amount to be determined at trial.

33. An award of monetary damages alone cannot fully compensate RTI for its injuries and RTI lacks an adequate remedy at law.

## COUNT III
## False Representation, False Designation and Unfair Competition --
## 15 U.S.C. § 1125(a)

34. RTI hereby realleges and incorporates the allegations contained in paragraphs 1 through 28 as if fully stated herein.

35. NYDG's use of the "RETHINK" Mark as alleged herein constitutes unfair competition, false representation, and false designation of origin upon and in connection with NYDG's goods and services, and thus violates 15 U.S.C. § 1125(a), as well as common law.

36. NYDG has suggested an association, affiliation or sponsorship with or approval by RTI so as to cause, or likely to cause, confusion or mistake, or to deceive consumers as to the origin of NYDG's goods and services. Such use constitutes an effort to pass off such goods and services as originating from or approved by RTI, all to the gain of NYDG and to the loss of and damage to RTI.

37. As a result of the aforesaid acts by NYDG, RTI has suffered damages in an amount to be determined at trial.

38. An award of monetary damages alone cannot fully compensate RTI for its injuries and RTI lacks an adequate remedy at law.

## COUNT IV
## Common Law Unfair Competition

39. RTI hereby realleges and incorporates the allegations contained in paragraphs 1 through 33 as if fully stated herein.

40. NYDG's conduct has caused and is likely to cause confusion, mistake, or deception as to the source or origin of NYDG's products and services, or the affiliation, sponsorship, or other relationship between the parties in violation of Colorado and New York common law.

41. NYDG's conduct constitutes unfair competition in that NYDG attempted to copy and trade on the reputation and goodwill associated with RTI's RETHINK THE INK Mark and RETHINK YOUR INK Mark.

42. NYDG's conduct has caused RTI irreparable harm and injury and will continue to do so unless enjoined by this Court.

43. An award of monetary damages alone cannot fully compensate RTI for its injuries and RTI lacks an adequate remedy at law.

## PRAYER FOR RELIEF

WHEREFORE, Rethink the Ink, LLC respectfully requests that this Court:

44. Enter an appropriate Order declaring that NYDG has been and is infringing upon RTI's valid and subsisting trademark and that such infringement has been and is willful;

45. Enter an appropriate order preliminarily and permanently enjoining NYDG

Foundation, Inc., its officers, directors, distributors, affiliates, and anyone acting in concert with NYDG Foundation, Inc. or any of them, from using from the RETHINK THE INK Mark, the RETHINK YOUR INK Mark, or the mark RETHINK, whether on its domain or through any other medium;

46. Enter an appropriate order preliminarily and permanently enjoining NYDG Foundation, Inc., its officers, directors, distributors, affiliates, and anyone acting in concert with NYDG Foundation, Inc. or any of them, from using the "rethinktattooremovalnyc.com" domain, or any other domain incorporating the RETHINK THE INK Mark, the RETHINK YOUR INK Mark, or any derivative thereof;

47. Enter an award of actual damages reflecting NYDG' profits attributable to the infringement, treble damages pursuant to 15 U.S.C. § 1117 (a) and (b), or alternatively, statutory damages under 15 U.S.C. § 1117(c);

48. Enter an award of compensatory damages in an amount to be determined at trial;

49. Enter an appropriate order awarding RTI its attorneys' fees pursuant to 15 U.S.C. § 1117 (a) as well as costs, expert witness fees and expenses incurred in connection with this action as provided for by applicable rule and/or law;

50. Enter an appropriate award of pre- and post-judgment interest; and

51. Order such further relief as the Court deems just and appropriate.

Respectfully submitted on January 29, 2016.

        s/ Thomas P. Howard
        THOMAS P. HOWARD, LLC
        Thomas P. Howard, #31684
        842 W. South Boulder Rd., Suite #200
        Louisville, Colorado 80027
        Tel: (303) 665-9845
        Fax: (303) 665-9847
        thoward@thowardlaw.com
        **ATTORNEY FOR PLAINTIFF**